UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

RUTILO RIOS GONZALES, a/k/a
Compachi,
　　　　　　　*Defendant-Appellant.*

No. 00-4137

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

MIGUEL AVILES MONDRAGON, a/k/a
Manuel Arrellano Munoz,
　　　　　　　*Defendant-Appellant.*

No. 00-4138

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-99-27)

Submitted: January 31, 2002

Decided: February 20, 2002

Before WILKINS, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Joseph E. Zeszotarski, Jr., POYNER & SPRUILL, L.L.P., Raleigh, North Carolina; Gregory J. Ramage, Raleigh, North Carolina, for Appellants. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Rutilo Rios Gonzales pled guilty to possession with intent to distribute at least 500 grams of cocaine and 100 kilograms of marijuana, 21 U.S.C.A. § 841 (West 1999) (Count One), and conspiring between 1996 and 1998 to distribute and possess with intent to distribute at least five kilograms of cocaine and 1000 kilograms of marijuana, 21 U.S.C.A. § 846 (West 1999) (Count Two). He was sentenced to a term of 360 months imprisonment. Miguel Aviles Mondragon pled guilty to Count Two and received a sentence of 160 months imprisonment. Both Gonzales and Mondragon appeal their sentences. We affirm.

Gonzales distributed cocaine and marijuana in North Carolina, receiving regular shipments from two brothers in Texas. Mondragon began assisting him in September 1997. Gonzales was arrested in February 1998 and indicted on the instant federal charges a year later. Five pounds of marijuana and several firearms were seized from the mobile home he shared with Mondragon. At a second mobile home used by Gonzales, investigators discovered almost a kilogram of cocaine and $28,000 in cash. Mondragon was arrested in June 1999, on his way to meet an informant, with eleven pounds of marijuana in his truck. At the time, he was on probation for an unrelated offense.

Based on information in the presentence report and testimony from a Drug Enforcement Administration agent at the sentencing hearing, the district court found that Gonzales was responsible for at least fifty kilograms of cocaine or 10,000 kilograms of marijuana, and that his base offense level was properly set at 36. *U.S. Sentencing Guidelines Manual* § 2D1.1 (1998). With a two-level enhancement for possession of weapons during the offense, a three-level adjustment for being a manager or supervisor in the offense, and a three-level reduction for acceptance of responsibility, Gonzales' final offense level was 38. He was in criminal history III, giving him a guideline range of 292-365 months.

Gonzales first contends that the district court violated his Fifth Amendment right to remain silent by sentencing him near the top of the guideline range because he refused to cooperate with authorities. Gonzales did not object to the sentence on these grounds in the district court. Therefore, the issue he raises is reviewed under the plain error standard. *United States v. Olano*, 507 U.S. 725, 731-32 (1993) (appeals court will not notice unpreserved error unless error occurred, that was plain, affected substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings). Gonzales relies on *Mitchell v. United States*, 526 U.S. 314, 327-30 (1999), in which the Supreme Court held that a guilty plea does not waive the right against self-incrimination and that a sentencing court may not draw any adverse inferences from a defendant's silence at sentencing in determining facts relating to the circumstances of the crime. However, *Mitchell* is inapposite here because the district court made no factual determinations based on Gonzales' failure to cooperate. Gonzales also relies on *United States v. Rivera*, 201 F.3d 99, 101-02 (2d Cir. 1999), *cert. denied*, 531 U.S. 901 (2000). In *Rivera*, the district court imposed sentence within the guideline range but specifically stated that sixty months were attributed to the defendant's failure to cooperate. The Second Circuit held that the increase was an unconstitutional penalty, thus placing itself in disagreement with the Seventh Circuit, which has held that the district court is free to consider the defendant's failure to cooperate when assigning a sentence within the guideline range. *United States v. Price*, 988 F.2d 712, 722 (7th Cir. 1993); *United States v. Klotz*, 943 F.2d 707, 710-11 (7th Cir. 1991). While we have not addressed the issue of whether the defendant's Fifth Amendment right limits the district court's discretion in deter-

mining the sentence within the guideline range, it is evident that Gonzales has not shown that plain error occurred.

Gonzales also contends that USSG § 5K1.2 (Refusal to Assist) prohibited the district court from considering his failure to cooperate. Section 5K1.2 prohibits departures based on a failure to cooperate, and thus has no application here. *See Burgos*, 2001 WL 1643533 at *6 n.7; *Klotz*, 943 F.2d at 710.

Next, Gonzales contests the district court's determination of the quantity of drugs attributable to him, alleging that resentencing is required because the district court failed to explain what information it considered to find that the government had proved the drug amount necessary for base offense level 36. He concedes that the information provided to the government by Espirino Pacheco-Meza, if accepted, would establish those amounts. In the district court, Gonzales argued that Meza's statement was not reliable because the amounts he reported were too high. The government responded that Meza's information was reliable because it was consistent with amounts reported by a confidential informant[1] even though Meza had no known connection to anyone involved in the conspiracy. The district court accepted this view. We conclude that the district court's finding was sufficiently specific when considered in context, and that its determination of the drug amount based on Meza's statement was not clearly erroneous. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999) (stating standard).

Gonzales argues, as he did in the district court, that the district court clearly erred in determining that he was a manager because the offense did not involve five or more participants. A three-level adjustment applies if "the defendant was a manager or supervisor (but not a leader or organizer) and the criminal activity involved five or more participants, or was otherwise extensive." USSG § 3B1.1(b). Gonzales incorrectly asserts that only those participants over whom the defendant exercised control are counted. His position is directly con-

---

[1]The district court did not consider the informant's information concerning drug quantity, apparently because Gonzales objected that he could not challenge the reliability of the informant, whose identity was not disclosed.

tradicted by the commentary to § 3B1.1, in which a "participant" is defined as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." USSG § 3B1.1, comment. (n.1). *See also United States v. Bartley*, 230 F.3d 667, 674 (4th Cir. 2000). Moreover, there was information before the court that established that, aside from the confidential informants, the offense involved at least five participants.

Mondragon disputes two criminal history points he received under USSG § 4A1.1(d) for having committed a part of the instant offense while on probation for an unrelated offense. After Gonzales' arrest in February 1998, Mondragon sold 1.5 kilograms of cocaine to one of the confidential informants.[2] Mondragon was placed on probation in February 1999 and was arrested in June 1999 with 4.9 kilograms of marijuana in his truck. This amount of marijuana was treated as relevant conduct in determining his base offense level. The commentary to § 4A1.1 provides that two points are added under subsection (d) "if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence, including . . . probation . . . ." Although the conspiracy count to which Mondragon pled guilty charged a conspiracy from 1996 to February 1998, the district court found that Mondragon had continued the same criminal conduct after Gonzales' arrest and that the two criminal history points were properly assessed.

On appeal, Mondragon argues that the district court erred in finding that he committed any relevant conduct that was part of the instant offense while he was on probation. His argument fails because, in drug offenses, relevant conduct may include acts that are part of the same course of conduct as the offense of conviction. USSG § 1B1.3(a)(2). There was evidence before the district court that Mondragon continued selling marijuana to at least one of Gonzales' customers, the same conduct that had been carried on during the conspiracy. The district court did not err in adding the two criminal history points.

---

[2]Mondragon did not object to the use of information from the confidential informants whose identity was not disclosed.

Mondragon contends that he should not have received an enhancement under USSG § 2D1.1(b)(1) for possession of weapons because the guns found in the mobile home belonged to Gonzales. However, the enhancement applies if a weapon is present, regardless of who owns it, unless it is clearly improbable that the weapon was connected with the offense. Mondragon has not attempted to show that the weapons were unconnected with the offense. Consequently, the district court did not clearly err in making the enhancement.

We therefore affirm the sentences. We grant Mondragon's motion to adopt the brief and joint appendix filed by prior counsel. We deny Mondragon's pro se motion to remand the case and expand the record. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*